# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STACEY LEE MILCH, | Case No. 23-CV-838 (NEB/LIB) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| MICHAEL SEGAL, Warden, | |
| Respondent. | |

Stacey Lee Milch, proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. Section 2241. Milch is an inmate at the Federal Correctional Institution in Waseca, Minnesota. She alleges that the Bureau of Prisons ("BOP") miscalculated her earned time credits and failed to apply them under the First Step Act of 2018 ("FSA"). In the Report and Recommendation ("R&R"), United States Magistrate Judge Leo I. Brisbois recommends that Milch's petition be denied. (ECF No. 8 ("R&R").) Milch objects to the R&R.[1] (ECF No. 9.) Based on a *de novo* review, the Court overrules Milch's objection and accepts the R&R.

---

[1] Milch raises new claims and arguments unrelated to her petition in her objection. (ECF No. 9 at 1–3.) A party cannot raise new arguments in the objection to an R&R. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Because Milch failed to raise these claims and arguments before Judge Brisbois, the Court will not consider them. *See Ridenour*, 679 F.3d at 1067.

The FSA provides that eligible prisoners earn time credits based on the number of "days" they participate in "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A)(i) ("A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming . . . ."). Milch, who has taken several evidence-based recidivism reduction programs simultaneously, claims that the BOP miscalculated her time credits and failed to apply her time credits. (ECF No. 1 at 2, 6–7.)

*Calculation of time credits.* Milch calculates her time credits based on the number of evidence-based recidivism reduction *programs* that she has completed, not the number of *days* she spent in those programs. (*See, e.g.*, ECF No. 1-2 at 1.)

The BOP interprets the FSA to award credits based on days spent in programming, not the number of programs. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day *period* that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits." (emphasis added)). This interpretation is consistent with the plain language of the statute: prisoners "earn 10 days of time credits for *every 30 days* of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). As far as this Court is aware, every court to have addressed this issue has agreed with the BOP's interpretation. *See, e.g.*, *Chicoine v. Segal*, No. 23-CV-1217 (KMM/TNL), 2023 WL 5333772, at *1 (D. Minn. Aug. 18, 2023); *Marcks v.*

2

*Segal*, No. 23-CV-1240 (WMW/DTS), 2023 WL 4203092, at *2 (D. Minn. June 27, 2023); *Robinson v. Segal*, No. 23-CV-0888 (WMW/DTS), 2023 WL 4203169, at *2 (D. Minn. June 27, 2023); *Do v. Segal*, No. 23-CV-1599 (JWB/DTS), 2023 WL 4215043, at *1–2 (D. Minn. May 31, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023).

*Application of time credits*. Milch also argues that the BOP improperly denied her earned time credits based on her recidivism risk level. (ECF No. 1 at 2–3, 6; *see* ECF No. 1-2 at 5.) The BOP declined to apply good time credits for Milch's programming because she was assessed as a medium recidivism risk at her last program review.[2] (ECF No. 1-2 at 4.)

All eligible prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), but only those whose risk recidivism levels are "minimum" or "low" are eligible for those FSA credits to be applied to accelerate placement on supervised release. *Id.* § 3624(g)(1)(D)(i), (ii); *see id.* § 3632(d)(4)(C) (providing that eligible prisoners are "determined under section 3624(g)"). As another court recently explained, Milch "is entitled to earn time credits . . . as she participates in programming, but she may not apply those time credits towards

---

[2] In her objection to the R&R, Milch claims that she is now at a low risk for recidivism. (ECF No. 9 at 3.) Milch offered no evidence to support this assertion. *See* Fed. R. Civ. Pro. 72(b)(3) ("The district judge may… receive further *evidence*" not presented to the magistrate judge) (emphasis added). The Court therefore relies on the evidence in the record that shows Milch's last assessment as a medium recidivism risk. (ECF No. 1-2 at 4.)

her release date until she reduces her recidivism score." *Matthews v. Segal*, No. 23-CV-1030 (PAM/ECW), 2023 WL 3605481, at *1 (D. Minn. May 9, 2023), *report and recommendation adopted*, 2023 WL 3604831 (D. Minn. May 23, 2023). Milch is ineligible to apply her FSA time credits because of her current medium risk recidivism level. (*See* ECF No. 8 at 2–3.) Accordingly, the Court denies Milch's petition for habeas relief.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 8) is ACCEPTED;

2. Milch's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED; and

3. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 11, 2023　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge

4